Ivan C. Evilsizer
Evilsizer Law Office
1361 Elm Street, Suite 1
Helena, MT 59601-4995
Telephone: 406-442-7115
Fax: 406-442-2317
Email: i.c.evilsizer@gmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

*********

| | |
|---|---|
| RONAN TELEPHONE COMPANY, A Montana Corporation; and , | ) ) ) ) |
| Plaintiff, | ) |
| -vs- | ) ) |
| VERIZON SELECT SERVICES, INC., MCI COMMUNICATIONS SERVICES, INC., and WORLDCOM TECHNOLOGIES, INC. | ) ) ) ) |
| Defendants. | ) ) ) |

Case No. _____

COMPLAINT

------------------------------------------------------

## COMPLAINT

The Plaintiff Ronan Telephone Company, a Montana Corporation, for its

Complaint against Defendants Verizon Select Services, Inc., MCI Communications

Services, Inc., and WorldCom Technologies, Inc., states and alleges as follows, in

regards to Defendants' failure to pay interstate and intrastate tariffed access charges for Plaintiff's access services that Defendants used in regards to "intraMTA" calls:

## PARTIES

1. Plaintiff, Ronan Telephone Company, a Montana Corporation (RTC), is a corporation organized and existing under the laws of the state of Montana, with its principal place of business in Ronan, Lake County, Montana.

2. Defendant Verizon Select Services, Inc. is a corporation organized and existing under the laws of the state of Delaware, is registered to do business in Montana, and conducts business in Montana, as well as many other states.

3. Defendant MCI Communications Services, Inc. is a corporation organized and existing under the laws of the state of Delaware, is registered to do business in Montana, and conducts business in Montana, as well as many other states.

4. Defendant WorldCom Technologies, Inc. is a corporation organized and existing under the laws of the state of Delaware, is registered to do business in Montana, and conducts business in Montana, as well as many other states.

5. All parties to this action are telecommunications service providers.

## JURISDICTION AND VENUE

6. This Court has diversity subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000 exclusive of interest and costs.

7. This Court has federal question jurisdiction of this civil action, pursuant to 28 U.S.C. §1331, because Plaintiff asserts a claim for breach of tariffs filed with the Federal Communications Commission ("FCC"). Similarly, this Court has federal question subject matter jurisdiction over Count Three, to the extent Count Three seeks a declaration regarding Defendants' compliance with the terms of the

1    Plaintiff's FCC tariffs.

2  8.   This Court has supplemental jurisdiction over the claims in this action arising

3       under state law, pursuant to 28 U.S.C. §1367.  Specifically, the Court has subject-

4       matter jurisdiction over Count Two pursuant to Section 1367, because Plaintiff

5       asserts claims for breach of state-filed tariffs that are so related to the claims in

6       Count One that they form part of the same case or controversy.  Similarly, this

7       Court has supplemental subject-matter jurisdiction over Count Three, to the

8       extent Count Three seeks a declaration regarding Defendants' compliance with

9       the terms of the Plaintiff's Tariffs.

10 9.   This Court also has jurisdiction pursuant to 28 U.S.C. §1337, since the interstate

11      access tariff claims herein arise under the provisions of 47 U.S.C. §203.

12 10.  Plaintiff seeks damages under 47 U.S.C. §206 for unjust, unreasonable and

13      unlawful practices by Defendants in violation of 47 U.S.C. §§201(b) and 203(c).

14      For these reasons as well, this Court has federal question subject matter

15      jurisdiction pursuant to 28 U.S.C. §§1331 and 1337.

16 11.  The Court has personal jurisdiction over the Defendants pursuant to Rule 4,

17      Montana Rules of Civil Procedure.  The Defendants conduct business in

18      Montana, and thus Defendants are subject to general personal jurisdiction in this

19      Court.  In addition, some of Defendants' actions described herein took place in

20      Montana, and thus Defendants are subject to specific personal jurisdiction in this

21      Court.

22 12.  Venue of this action properly lies in the Missoula Division of the District of

23      Montana, pursuant to 28 U.S.C. §1391, in that the events and omissions giving

24      rise to the claims herein occurred within the Missoula Division, in Lake County,

25      Montana.  Furthermore, the Defendants are "residents" of this judicial district

26      within the meaning of 28 U.S.C. §1391(c)(2).

27

28

# NATURE OF CLAIMS

13.  This is a collection action to recover unpaid charges for telecommunications services that Defendants have received, and continue to receive from Plaintiff, while refusing to pay Plaintiff the full lawful charges for these services.  Plaintiff is a wireline local exchange carrier (LEC) that provides originating and terminating "access services" to allow other telephone companies to originate and terminate calls to end-user customers in the Plaintiff's local exchange areas.

14.  One of the standard services that the Plaintiff provides is called "access services." Access services are used by interexchange carriers ("IXCs") to provide long-distance services.  Access services allow an IXC to route calls on their long-distance network to or from a LEC's local telephone network.  IXCs obtain the Plaintiff's access services by ordering them, either actually (through submission of order requests) or constructively (through use of existing access service facilities pursuant to "Access Tariffs").

15.  The Defendants are IXCs that provide long distance telephone services for telephone calls originating and terminating within the State of Montana (intrastate); and for interstate telephone calls (originating or terminating in other states).  The Defendants provide services to end user customers and other telephone companies, that allows those customers and companies to call Plaintiff's wireline end-user customers located within Plaintiff's local exchange areas, utilizing Plaintiff's access services.

16.  Plaintiff charges for their terminating access services pursuant to their Tariffs on file with the Montana Public Service Commission (intrastate services) and the Federal Communications Commission (interstate services).  Defendants have failed to pay Plaintiff full compensation for these services, and continue to utilize the services of Plaintiff without full compensation.

**GENERAL ALLEGATIONS**

17.   The geographic region in which a telephone company provides local telephone service is called a "local exchange".  Telephone companies that provide local exchange services, such as Plaintiff in this case, are known as local exchange carriers (LECs) or incumbent local exchange carriers (ILECs).  LECs own the facilities and provide the services needed to deliver telephone calls to wireline end user customers within their respective local exchange areas.  In addition to providing local telephone service to their own end user customers, LECs also provide "access service" to other telecommunications service providers ("carriers") that transmit calls over the wires and other facilities owned or operated by LECs.  By purchasing "access service," a carrier obtains the ability to transmit calls to the end user customers of a LEC, without the carrier having to acquire or build their own facilities to deliver calls to those end users.  The carrier and their customers thereby benefit from the use of the LEC's facilities by utilizing the LEC's "access service".  Access services are provided to carriers by LECs by means of Tariffs approved by the appropriate regulatory body (state commissions for intrastate calls and the Federal Communications Commission for interstate calls).

18.   Plaintiff herein is a LEC that provides local exchange telephone service for local telephone calling, and access services for completion of calls from outside their local exchange areas.  Plaintiff Ronan Telephone Company (RTC) serves the local exchanges of Ronan and Pablo, located in Lake County, Montana

19.   Plaintiff owns, operates and controls the facilities in their local exchanges, for the transmission, switching and completion of calls between local customers, and calls that originate and terminate in their local exchanges from and to other exchanges and carriers.

20.   Plaintiff is interconnected with Defendants for incoming and outgoing interexchange traffic; that is, for traffic originating from outside of Plaintiff's

local exchanges which is destined for completion (termination) in Plaintiff's local exchanges; and for traffic originating in Plaintiff's local exchanges which is destined for completion outside of Plaintiff's exchange areas.

21.    Telecommunications traffic on the Plaintiff's trunk groups interconnected with Defendants carries traffic which originates from many different sources, and is intended for completion in Plaintiff's local exchanges (to residential and business customers therein).

22.    Defendants have transmitted interstate and intrastate telephone calls to end users (called parties) located in Plaintiff's local exchanges, utilizing Plaintiff's facilities.  Defendants carry telecommunications traffic which originates from Defendants' end-user customers, and from other carriers, which is transmitted by Defendants to Plaintiff's facilities, and completed by Plaintiff in their local exchanges.  Plaintiff's facilities and services are used to complete such calls.

23.    Defendants also transmit additional telephone calls, for origination or termination on the Plaintiff's local network.  Such traffic includes "800", "877", "888", and other "toll free" telephone numbers, pay telephone calls, pre-paid calling card calls, and other miscellaneous carrier traffic.

24.    All telephone calls Defendants send to Plaintiff is the Defendants' long distance traffic, and the Defendants are responsible for paying all of the terminating access charges for such traffic, pursuant to Plaintiff's "Access Tariffs".

25.    Plaintiff has "Access Tariffs" on file and approved by the Montana Public Service Commission (PSC) and the Federal Communications Commission (FCC), governing the rates, terms and conditions of service, for switching, transport, routing and termination of telecommunications traffic over Plaintiff's facilities to and from end users located in Plaintiff's local exchanges.

26.    RTC's federal access Tariff is "ICORE FCC Tariff No. 2, Access Service" on file and approved by the FCC.  This Tariff applies to interstate service.

27.    RTC's state access Tariff is "RTC Montana Public Service Commission No. 2,

1    Access Service Tariff" on file and approved by the Montana Public Service

2    Commission.  This Tariff applies to intrastate service.

3   28.   The above described Tariffs establish the rates, terms and conditions for the

4    traffic transmitted between Defendants and Plaintiff.  Plaintiff has satisfied all of

5    their obligations under the Tariffs and has thereby performed their obligations.

6    The Tariffs also provide for interest on past due amounts owing.

7   29.   By originating and transmitting calls for completion by Plaintiff, Defendants have

8    purchased Plaintiff's interstate and intrastate access services.  Defendants have

9    utilized the services of Plaintiff set forth in the Tariffs described herein.   In

10    completing the calls received from Defendants, Plaintiff has provided

11    telecommunications services to Defendants, namely, interstate and intrastate

12    access services.

13   30.   Plaintiff has billed Defendants for services pursuant to their lawful federal

14    interstate Tariffs and Montana intrastate Tariffs.  Defendants have failed to pay

15    Plaintiff the full compensation due and owing.  Plaintiff has the right to be

16    compensated for the provision of services to Defendants, pursuant to their Access

17    Tariffs.

18   31.   Plaintiff has received some partial payments from Defendants for their tariffed

19    access services described herein, and Plaintiff agrees to deduct these amounts in

20    determining the total damages claimed herein.

21

22                   **NON-PAYMENT OF ACCESS  CHARGES**

23   32.   Defendants are IXCs (long distance carriers).  Defendants ordered and used the

24    Plaintiff's interstate and intrastate tariffed access services to exchange calls

25    between Defendants' long-distance network and the Plaintiff's local networks.

26   33.   The Plaintiff timely rendered bills, and will continue to do so, for Defendants' use

27    of the Plaintiff's access services ("access bills").  These access bills set forth the

28

access charges required by the Plaintiff's Federal and State Tariffs for those
access services.

34.    Defendants have not paid in full some of the access charges set forth in the
Plaintiff's access bills.  In the vernacular of the industry, Defendants are
"withholding" these payments.  The withheld payments include both interstate
charges and intrastate access charges.

35.    Defendants contend that they are withholding these payments because, according
to Defendants, the calls to which the access charges apply are "intraMTA"
wireless calls.  Defendants have unilaterally determined which access charges, it
contends, relate to intraMTA calls, and have unilaterally estimated the amount of
alleged intra-MTA calls.

36.    IntraMTA calls, for purposes relevant here, are calls that traverse three different
carriers' phone networks:  (1) a LEC's local network on one end of the call; (2) a
wireless carrier's network on the other end; and (3) an IXC's network in the
middle; and the originating and terminating points of the call, at the time the call
is initiated, are within the same Major Trading Area ("MTA").  MTAs are
geographic areas, used by the FCC to establish licensing and "local service" areas
for certain cellphone services.  In Montana, the MTA includes the entire state and
portions of four neighboring states.

37.    Defendants use the Plaintiff's access services when they exchange intraMTA
calls between their long-distance network and the local phone network of the
Plaintiff.  The use of the Plaintiff's access services subjects the Defendants to the
terms and conditions of the Plaintiff's Federal and State Tariffs, including the
access charges, late payment charges and payment deadlines set forth in those
Tariffs.

38.    By not paying these access charges by the deadlines set forth in the Plaintiff's
Federal and State Tariffs, Defendants are also obligated to pay late payment

1   charges set forth in those Federal and State Tariffs, at amounts that continue to

2   accrue over time until the unpaid access charges are actually paid.

3

4   **COURT RULING THAT IXCs OWE ACCESS CHARGES**
    **FOR INTRA-MTA CALLS**

5

6   39.   Just like the Defendants herein, other IXCs like Sprint and Level 3 started

7         withholding payments in 2014 to LECs throughout the country, for access

8         charges, where the charges relate to access services for calls they allege to be

9         intraMTA calls.

10  40.   In 2014, Sprint and Verizon filed dozens of lawsuits against hundreds of other

11        LECs concerning access charges and intraMTA calls.  The Judicial Panel on

12        Multidistrict Litigation ("Panel") transferred these cases to the Hon. Judge

13        Sydney Fitzwater in the U.S. District Court for the Northern District of Texas in a

14        multidistrict litigation ("MDL") proceeding for consolidated pretrial activities.  *In*

15        *re IntraMTA Switched Access Charges Litig.*, No. 3:14-MD-2587-D (N. D. Tex.)

16        (the "MDL Proceeding").

17  41.   In November, 2014, Judge Fitzwater issued a Memorandum Opinion and Order

18        granting the Rule 12(b)(6) motion of the LECs.  Memorandum Opinion & Order

19        of Nov. 17, 2015, *In re IntraMTA Switched Access Charges Litig.*, No. 3:14-MD-

20        2587-D (N. D. Tex. Nov. 17, 2015) (ECF No. 134) (the "MDL Order").  The

21        Court held that, pursuant to 47 C.F.R. §§ 69.2 & 69.5, "all" IXCs must pay

22        LECs' access charges for their exchanging of "any" communications traffic with

23        the LECs' local telephone network.  These regulations, which have been in effect

24        and virtually unchanged since 1984, do not exempt intraMTA calls.  Thus, IXCs

25        must pay tariffed access charges for their exchange of intraMTA calls with LECs

26        like the Plaintiffs.

27  42.   Sprint and Verizon argued that, in an order the FCC issued in 1996, the FCC

28

exempted IXCs from paying LECs' access charges when IXCs use a LEC's access services to exchange intraMTA wireless calls. The Court rejected that argument. In Section 251(g) of the Telecommunications Act of 1996 (47 U.S.C. § 251(g)), Congress stated that IXCs would continue to pay access charges to LECs unless the FCC "expressly superseded" its existing regulations (which include 47 C.F.R. §§ 69.2 & 69.5). In the 1996 order on which Sprint and Verizon relied, the FCC said that "nothing" in that order affected access charges paid by IXCs; and the FCC has never, at any time, expressly superseded 47 C.F.R. §§ 69.2 & 69.5 with respect to intraMTA calls. The Court similarly rejected all of the other authorities cited by Sprint and Verizon, finding none of them addressed access charges paid by IXCs to LECs for intraMTA calls.

43.   The Defendants in this case are relying on the very same arguments which were rejected in the MDL Proceeding. Thus, the Court in the MDL Proceeding has rejected the basis for the Defendants withholding of payments for the Plaintiff's access charges in this case.

44.   Defendants have never had a valid basis to refuse to pay the access charges required by the Plaintiff's Federal and State Tariffs, for Defendants use of the Plaintiff's interstate and intrastate access services related to intraMTA calls. Those charges are properly due and owed, as well as the late payment charges that continue to accrue.

45.   To the extent Defendants will continue to withhold payments for access charges in the future relating to intraMTA calls, Defendants similarly will have no basis for doing so.

## COUNT I - BREACH OF FEDERAL TARIFFS

46.   The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45 of this Complaint as if set forth in their entirety.

47.   Defendants have failed to pay all access charges required by the Plaintiff's Federal Tariffs for interstate access services that Defendants ordered and used, for what Defendants purport are interstate, intraMTA calls.

48.   Because Defendants failed to pay these access charges by the due dates required by the Plaintiff's Federal Tariffs, Defendants also owe late charges as set forth in the Federal Tariffs.

49.   Defendants are liable to the Plaintiff for the amount of unpaid access charges and unpaid late charges.  Plaintiff's Tariffs also require Defendants to reimburse Plaintiff for attorney fees and costs related to this lawsuit.

50.   The Court should enter judgment in the Plaintiff's favor and against Defendants in an amount to be proven at trial.

## COUNT II - BREACH OF STATE TARIFFS

51.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth in their entirety.

52.   Defendants failed to pay all access charges required by the Plaintiff's State Tariffs for intrastate access services that Defendants ordered and used for what Defendants purports are intrastate, intraMTA calls.

53.   Because Defendants failed to pay these access charges by the due date set forth by the Plaintiff's State Tariffs, Defendants also owe late charges as set forth in the Montana State Tariffs.

54.   Pursuant to Plaintiff's state Tariffs, Defendants also must reimburse the Plaintiff for their attorney fees and costs relating to this lawsuit; Ronan Telephone Company Tariff, Montana Public Service Commission No. 2, Access Service Tariff, Section 2.3.8.

55.   Defendants are liable to the Plaintiff for the amount of unpaid access charges, unpaid late charges and the Plaintiff's attorney fees.

56.   The Court should enter judgment in the Plaintiff's favor and against Defendants in an amount to be proven at trial.

**COUNT III**
**DECLARATORY JUDGMENT**

57.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56 of this Complaint as if set forth in their entirety.

58.   A substantial controversy exists between the parties that is immediate and real because Defendants continue to withhold access charges from the Plaintiff, on the basis that the access charges purportedly do not apply to the exchange of intraMTA calls between Defendants long-distance network and the Plaintiff's local phone networks.  Based on their refusal to pay these fees since 2014, Defendants are likely to continue to refuse to pay these access charges into the future.

59.   The parties have adverse legal interests, as the Plaintiff maintains that Defendants owe these access charges, but Defendants continue to withhold them.

60.   A judgment declaring that Defendants are obligated in the future to pay access charges, as set forth in the Plaintiff's Federal and State Tariffs, for exchanging intraMTA calls between Defendants long-distance network and the Plaintiff's local telephone network, will finalize this controversy between the parties and offer relief from the current dispute.

61.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court should enter a declaration that Defendants are obligated in the future to pay access charges, as set forth in the Plaintiff's Federal and State Tariffs, for exchanging intraMTA calls between Defendants' long-distance network and the Plaintiff's local telephone network.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ronan Telephone Company respectfully prays for Judgment against the Defendants as follows:

1.  Judgment against Defendants and in favor of Plaintiff, for damages for violation of the terms of the Tariffs, in amounts according to proof presented at trial. Unpaid sums continue to accrue each month, and will be proven in total at the time of trial.

2.  For interest on the principle unpaid sums, in the amounts required by the Tariffs, according to proof at trial; and any appropriate post-judgment interest on the damages awarded herein

3.  An award of any and all attorneys' fees and costs to which Plaintiff is entitled, based on 47 U.S.C. §206, Section 2.3.8 of Plaintiff's state Tariffs, and the Court's equitable powers.

4.  A declaration that Defendants are obligated in the future to pay access charges, as set forth in the Plaintiff's Federal and State Tariffs, for exchanging intraMTA calls between Defendants' long-distance network and the Plaintiff's local telephone networks;

5.  For damages for unjust, unreasonable and unlawful practices by Defendants in violation of 47 U.S.C. §§201(b) and 203(c); and

    6.  For such other and further relief as the Court deems just, equitable and proper.

DATED:   January 13, 2016

Respectfully Submitted,


/s/ Ivan C. Evilsizer

Ivan C. Evilsizer
Attorney for Plaintiff Ronan Telephone Company


Evilsizer Law Office, PLLC
1361 Elm Street, Suite 1
Helena, Montana 59601-4995
Telephone: 406-442-7115
Email: i.c.evilsizer@gmail.com